## IN THE CIRCUIT COURT FOR BALTIMORE CITY MARYLAND

| | |
|---|---|
| **TONY DALE** | : |
| **701 Topsail Drive** | : |
| **Browns Summit, NC 27214** | : |
| | |
| **Plaintiff** | : |
| | |
| **v.** | : |
| | |
| **THOMAS F. ALLEN** | : |
| **SERVE:** | |
| **29183 Trailer Ln.** | |
| **Waverly, VA  23890** | : |
| | |
| **And** | : |
| | |
| **CARRIER ONE, INC.** | : |
| **2023 N. Lafayette Court** | |
| **Griffith, Indiana 46319** | |
| | : |
| **SERVE:** | |
| **Registered Agent: Ivan Samarov** | : |
| **9228 Indianapolis Blvd. Ste 8A** | : |
| **Highland, IN 46322** | |
| | : |
| **Defendants** | : |

**Case No. _____**

### COMPLAINT

COMES NOW, the Plaintiff, Tony Dale, by and through counsel, Sidney Schupak and

The Schupak Law Firm, and hereby moves this Honorable Court for judgment against

Defendant, and in support thereof states as follows:

### PARTIES

1.      At all times relevant to the allegations contained herein, Plaintiff, Tony Dale

("Mr. Dale ")  was a resident of the State of North Carolina, residing at 701 Topsail Drive,

Browns Summit, NC 27214.

Exhibit 1

2.      At all times relevant herein, and upon information and belief, Defendant, Thomas F. Allen ("Mr. Allen")  was a resident of the State of Virginia residing at 29183 Trailer Ln., Waverly, VA  23890.

3.      At all times relevant herein, Defendant, Carrier One, Inc. ("Carrier One")  was a business entity incorporated in Delaware with its principal place of business at 2023 N. Lafayette Court, Griffith, Indiana 46319.

4.      At all times relevant herein, Defendant, Carrier One, was a commercial trucking company operating primarily in the eastern portion of the United States.

5.      At all times relevant herein, Defendant, Mr. Allen, was an agent, servant and/or employee of Defendant, Carrier One, and was operating his vehicle within the scope of such employment at the time of the incident at issue in this case.

## JURISDICTION AND VENUE

6.      Jurisdiction is vested in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §1-501.

7.      This Court may exercise personal jurisdiction over Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-103(b)(3), as the tortious conduct giving rise to these claims occurred in Baltimore City, Maryland.

8.      Venue is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-201.

## STATEMENT OF FACTS

9.      On May 13, 2019 at approximately 4:00 a.m., Plaintiff, Mr. Dale, was driving his tractor trailer through the Fort McHenry Tunnel in Baltimore City, Maryland.

10.     At that time, Mr. Dale was operating his vehicle within the posted speed limit and in the left-hand lane of the tunnel. There were no vehicles directly ahead of Mr. Dale in his lane, nor were there any obstructions to the safe passage of his vehicle through such lane.

11.     At the same time and place,  Defendant, Mr. Allen, was operating his tractor trailer in the right-hand lane ahead of Mr. Dale.

12.     Suddenly, and without any warning, Defendant, Mr. Allen, began to move his vehicle into Mr. Dale's Lane notwithstanding the fact that there were clearly visible double-yellow lines on the roadway making it impermissible to do so.

13.      As Mr. Dale began to react to Defendant, Mr. Allen's, lane change, Mr. Allen further complicated the situation by inexplicably and abruptly slowing his vehicle to a stop in between the two traffic lanes. As a result, Defendant, Mr. Allen's, vehicle was stopped on the roadway in the tunnel blocking both lanes of traffic and preventing Mr. Dale from taking any evasive action to avoid striking his vehicle.

14.     Mr. Dale attempted to apply his brakes to avoid a collision but, because the roadway was wet and Mr. Allen had abruptly stopped his vehicle in between the two traffic lanes, he could not do so in time, and the front of his vehicle impacted with the rear of Defendant, Mr. Allen's, vehicle.

15.     By abruptly and unlawfully stopping his vehicle in between the two traffic lanes, Defendant, Mr. Allen, created a situation in which Mr. Dale could not avoid collision with Mr. Allen's vehicle.

16.     Mr. Dale's vehicle was caused to impact with Defendant, Mr. Allen's, vehicle as a direct consequence of Mr. Allen's failure to pay full time and attention to the roadway in front of him, properly control his vehicle, operate his vehicle within his lane as required by law,

refrain from stopping his vehicle between lanes on the roadway, refrain from changing lanes when it was unlawful and unsafe to do so, and yield the right-of -way to other vehicles that were properly operating within an adjoining traffic lane.

17.     As a direct and proximate cause of Defendant, Mr. Allen's, negligence, Plaintiff, Mr. Dale, suffered severe injuries, including injuries to his neck, back, shoulder and upper extremities, resulting in the need for medical treatment, loss of wages, and physical and mental pain and suffering.

**COUNT I**

**(Negligence – Defendant, Thomas F. Allen )**

Plaintiff, Mr. Dale, hereby incorporates and adopts all facts and allegations outlined in paragraphs 1 through 17 and further states as follows.

18.     Defendant, Mr. Allen, owed Plaintiff a duty to: operate his vehicle in a reasonable and safe manner; pay proper time and attention to the road; drive at a safe speed; control his speed to avoid causing a collision; operate his vehicle within his lane as required by law; refrain from stopping his vehicle between lanes on the roadway; refrain from changing lanes when it was unlawful and unsafe to do so; yield the right-of -way to other vehicles that were properly operating within an adjoining traffic lane; and to follow all traffic regulations and the laws in effect in the State of Maryland.

19.     Defendant, Mr. Allen , breached his duty to Plaintiff by failing to: operate his vehicle in a reasonable and safe manner; pay proper time and attention to the road; drive at a safe speed; control his speed to avoid causing a collision; operate his vehicle within his lane as required by law; refrain from stopping his vehicle between lanes on the roadway; refrain from changing lanes when it was unlawful and unsafe to do so; yield the right-of -way to other

4

vehicles that were properly operating within an adjoining traffic lane; and to follow all traffic regulations and the laws in effect in the State of Maryland.

20.    As a direct and proximate result of Defendant. Mr. Allen's, breaches as described above, Plaintiff, Mr. Dale, has and will continue to suffer, severe physical injuries and mental anguish including, but not limited to, injuries to his neck, back, shoulder and upper extremities, that impact his activities of daily living, work, family life and overall enjoyment of life.

21.    As a further direct and proximate result of Defendant, Mr. Allen's, negligence, Mr. Dale  has expended, and will continue to expend in the future, sums of money for medical care and treatment, medication, physical therapy, and other care related to his injuries. Mr. Dale has also suffered, and will continue to suffer, lost wages and wage-earning capacity as a result of the Defendant, Mr. Allen's, negligence.

22.    All the above damages were directly and proximately caused by the aforementioned negligence of Defendant, Mr. Allen, and were incurred without contributory negligence on the part of the Plaintiff, or an opportunity for Plaintiff to avoid injury.

WHEREFORE, Plaintiff, Tony Dale, moves this Court for judgment against Defendant, Thomas F. Allen , in an amount in excess of **Seventy-Five Thousand Dollars ($75,000.00) in** compensatory damages, together with interest, costs expended and any additional relief this Court may deem just and proper.

## COUNT II

### (Negligence – Defendant, Carrier One, Inc. )

#### *Respondeat Superior*

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 22 above, and further states:

23.     At all times relevant hereto, Defendant, Carrier One, was directly and vicariously liable for the acts and/or omissions of its agents, servants and/or employees, based upon the doctrine of *respondeat superior*.

24.     At all times relevant hereto, such agents, servants and/or employees included Defendant, Mr. Allen.

25.     At all times relevant hereto, all the acts and/or omissions by Mr. Allen which form the basis for this action, were carried out within the scope and in furtherance of his agency and/or employment with this Defendant.  As such, Defendant, Carrier One,  is responsible for all such actions and/or omissions.

26.     Defendant, Carrier One, through its agents, servants and/or employees, including Mr. Allen, owed Mr. Dale a duty to: operate its vehicle in a reasonable and safe manner; pay proper time and attention to the road; drive at a safe speed; control its speed to avoid causing a collision; operate its vehicle within its lane as required by law; refrain from stopping its vehicle between lanes on the roadway; refrain from changing lanes when it was unlawful and unsafe to do so; yield the right-of -way to other vehicles that were properly operating within an adjoining traffic lane; and to follow all traffic regulations and the laws in effect in the State of Maryland.

27.     Defendant, Carrier One, through its agents, servants and/or employees, including Mr. Allen, breached its duty to Mr. Dale by failing to: operate its vehicle in a reasonable and safe

6

manner; pay proper time and attention to the road; drive at a safe speed; control its speed to avoid causing a collision; operate its vehicle within its lane as required by law; refrain from stopping its vehicle between lanes on the roadway; refrain from changing lanes when it was unlawful and unsafe to do so; yield the right-of -way to other vehicles that were properly operating within an adjoining traffic lane; and to follow all traffic regulations and the laws in effect in the State of Maryland.

28.     As a direct and proximate result of Defendant, Carrier One's,  breaches as described above, Plaintiff, Mr. Dale, has and will continue to suffer, severe physical injuries and mental anguish including, but not limited to, injuries to his neck, back, shoulder and upper extremities, that impact his activities of daily living, work, family life and overall enjoyment of life.

29.     As a further direct and proximate result of Defendant, Carrier One's, negligence, Mr. Dale has expended, and will continue to expend in the future, sums of money for medical care and treatment, medication, physical therapy, and other care related to his injuries. Mr. Dale has also suffered, and will continue to suffer, lost wages and wage-earning capacity as a result of the Defendant, Carrier One's, negligence.

30.     All the above damages were directly and proximately caused by the aforementioned negligence of Defendant,  Carrier One, by and through its agents, servants and/or employees, and were incurred without contributory negligence on the part of the Plaintiff, or an opportunity for Plaintiff to avoid injury.

WHEREFORE, Plaintiff, Tony Dale, moves this Court for judgment against Defendant, Carrier One, Inc., in an amount in excess of **Seventy-Five Thousand Dollars ($75,000.00)** in

compensatory damages, together with interest, costs expended and any additional relief this Court may deem just and proper.

Respectfully submitted,
THE SCHUPAK LAW FIRM

_____
Sidney Schupak, Esquire (MD Bar No.14742)
CPF No. 9112190138
6110 Executive Blvd., Suite 625
Rockville, MD  20852
(T)(240)833-3914
(F)(240)833-2974
sschupak@schupaklawfirm.com
*Counsel for Plaintiff*

## IN THE CIRCUIT COURT FOR BALTIMORE CITY MARYLAND

**TONY DALE**      :
**701 Topsail Drive**    :
**Browns Summit, NC 27214** :

  **Plaintiff**     :

            **Case No.** _____

**v.**          :

**THOMAS F. ALLEN**   :
<u>**SERVE:**</u>
**29183 Trailer Ln.**
**Waverly, VA  23890**   :

**And**        :

**CARRIER ONE, INC.**   :
**2023 N. Lafayette Court**
**Griffith, Indiana 46319**

          :
<u>**SERVE:**</u>
**Registered Agent: Ivan Samarov** :
**9228 Indianapolis Blvd. Ste 8A** :
**Highland, IN 46322**

          :
  **Defendants**   :

## <u>REQUEST FOR JURY TRIAL</u>

COMES NOW the Plaintiff, Tony Dale., by and through counsel, Sidney Schupak,

Esquire and The Schupak Law Firm, and hereby requests a trial by jury on all counts and issues.

       Respectfully submitted,
       THE SCHUPAK LAW FIRM

       _____
       Sidney Schupak, Esquire (CPF No. 9112190138)
       6110 Executive Blvd., Suite 625
       Rockville, MD  20852
       (T)(240)833-3914
       (F)(240)833-2974
       sschupak@schupaklawfirm.com
       *Counsel for Plaintiff*