UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY DALE,

                Plaintiff,                Civil No.: 1:22-cv-00011-JRR

v.

THOMAS F. ALLEN, *et al.,*

                Defendants.

## **MEMORANDUM OPINION**

This matter comes before the court on Defendants Carrier One, Inc and Thomas Allen's Motion for Summary Judgment. (ECF 15; the "Motion.") The court has reviewed all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

**BACKGROUND**

This case arises out of a motor vehicle accident that occurred on I-95 in the Fort McHenry Tunnel in Baltimore City, Maryland. Plaintiff alleges that he was driving in the left lane when he entered the tunnel, at which point Defendant Allen began to move into the left lane. (ECF 22.) Defendant Allen maintains that he changed lanes at the direction of a police officer, who was instructing traffic to go into the left lane to avoid emergency vehicles located in the right lane. (ECF 15.) Plaintiff alleges that Defendant Allen stopped his vehicle in between the two lanes. Plaintiff attempted to brake but was unsuccessful and, collided with Defendant Allen's vehicle. (ECF 22.)

Plaintiff brought suit for negligence on the part of Defendant Allen (Count I) and negligence based on the theory of *respondeat superior* against Defendant Allen's employer,

Carrier One, Inc. (Count II).  This case was originally filed in the Circuit Court for Baltimore City and was properly removed by Defendants based on diversity jurisdiction.  (ECF 1.)

**STANDARDS**

Federal Rule of Civil Procedure 56(a) provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party;" a fact is considered material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986).

At the summary judgment stage, the facts are considered in the light most favorable to the nonmoving party.  *Ausherman v. Bank of America Corp.,* 352 F.3d 896, 899 (4th Cir. 2003). However, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).  On a motion for summary judgment "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

**ANALYSIS**

Defendants argue that Defendant Allen was acting reasonably "given the circumstances which involved a lane closure due to emergency vehicles within the Fort McHenry tunnel."  (ECF 15 p. 14.)  Defendants further argue that Plaintiff was contributorily negligent for failing to stop in time to avoid a collision, where Plaintiff was aware of Defendant Allen's stationary vehicle in from of him.  In response, Plaintiff argues that it was unreasonable for Defendant Allen to stop his vehicle in between lanes, and that he did so without due regard for safety and traffic conditions.

(ECF 22.)  Plaintiff contends that his own actions were reasonable, as he did everything in his power to stop his vehicle before the collision.

The court finds that the record contains numerous genuine disputes of material fact as to the reasonableness of all parties' actions and conduct that are reserved for consideration by the finder of fact.  The Motion will be denied.

**CONCLUSION**

For the reasons set forth herein, Defendants Carrier One, Inc. and Thomas Allen's Motion for Summary Judgment (ECF 15) will be **DENIED**.  The court will issue an accompanying order in accordance with this memorandum opinion.

/S/

_____
Julie R. Rubin
United States District Judge
June 22, 2022